### INWOOD CONDOMINIUM ASSOCIATION *v.* HAROLD WINER ET AL.
### (AC 16488)

Spear, Sullivan and Kulawiz, Js.

Argued May 27—officially released August 11, 1998

*H. Jeffrey Beck*, for the appellant (named defendant).

*Lee Samowitz*, for the appellee (plaintiff).

*Opinion*

KULAWIZ, J. The named defendant, Harold Winer (defendant), appeals from the judgment rendered in favor of the plaintiff, Inwood Condominium Association, in this action to foreclosure a statutory lien. The defendant claims that the trial court improperly found that no genuine issues of material fact existed. We affirm the judgment of the trial court.

The plaintiff instituted the underlying action to foreclose a lien, pursuant to General Statutes § 47-258,[1] for

---

[1] General Statutes § 47-258 provides in relevant part: "(a) The association has a statutory lien on a unit for any assessment levied against that unit or fines imposed against its unit owner. Unless the declaration otherwise provides, fees, charges, late charges, fines and interest charged pursuant to subdivisions (10), (11) and (12) of subsection (a) of section 47-244 are enforceable as assessments under this section. If an assessment is payable in instalments, the full amount of the assessment is a lien from the time the first instalment thereof becomes due.

"(b) A lien under this section is prior to all other liens and encumbrances on a unit except (1) liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to, (2) a first or second security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent, or, in a cooperative, a first or second security interest encumbering only the unit owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent, and (3) liens for real property taxes and other governmental assessments or charges against the unit or cooperative. The lien is also prior to all security interests described in subdivision (2) of this subsection to the extent of (A) an amount equal to the common expense assessments based on the periodic budget adopted by the association pursuant to subsection (a) of section 47-257 which would have become due in the absence of acceleration during the six months immediately preceding institution of an action to enforce either the association's lien or a security interest described in subdivision (2) of this subsection and (B) the association's costs and

common charges and assessments levied against the defendant. The defendant filed an answer, alleging a special defense of payment.

Thereafter, the plaintiff filed a motion for summary judgment alleging that there were no genuine issues of material fact, and supplying the court with a supporting affidavit and memorandum of law. The defendant filed an objection, without supporting affidavits, claiming that the amount due was in dispute. He claimed that the amount due to the plaintiff for assessments and common charges had been tendered to it but not accepted and that, therefore, the only remaining sums allegedly due were for attorney's fees. The defendant claimed that such fees are not recoverable until a judgment has entered.

The trial court granted the motion for summary judgment as to liability on both substantive and procedural grounds. Subsequent to its granting of the motion for summary judgment as to liability, the court granted the plaintiff's motion for judgment of foreclosure by sale finding a debt of $3980.28, "which sum includes an attorney's fee of $3300."

Practice Book (1998 Rev.) § 17-49, formerly § 384, provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Further, Practice Book (1998 Rev.) § 17-45, formerly § 380, provides in relevant part that the party in opposition to the motion for summary judgment "prior to the day the case is set down

---

attorney's fees in enforcing its lien. A lien for any assessment or fine specified in subsection (a) of this section shall have the priority provided for in this subsection in an amount not to exceed the amount specified in subparagraph (A) of this subsection. This subsection does not affect the priority of mechanics' or materialmen's liens or the priority of liens for other assessments made by the association."

for short calendar shall file opposing affidavits and other . . . documentary evidence. . . ."

Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. *Scinto* v. *Stamm*, 224 Conn. 524, 533, 620 A.2d 99, cert. denied, 510 U.S. 861, 114 S. Ct. 176, 126 L. Ed. 2d 136 (1993); *State* v. *Goggin*, 208 Conn. 606, 616, 546 A.2d 250 (1988); *Bartha* v. *Waterbury House Wrecking Co.*, 190 Conn. 8, 11–12, 459 A.2d 115 (1983). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]." (Internal quotation marks omitted.) *Burns* v. *Hartford Hospital*, 192 Conn. 451, 455, 472 A.2d 1257 (1984). To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts in accordance with Practice Book (1998 Rev.) §§ 17-45 and 17-46, formerly §§ 380 and 381, which contradict those stated in the movant's affidavits and documents and show that there is a genuine issue for trial. If he does not so respond, summary judgment shall be entered against him. *Farrell* v. *Farrell*, 182 Conn. 34, 38, 438 A.2d 415 (1980); *Rusco Industries, Inc.* v. *Hartford Housing Authority*, 168 Conn. 1, 5, 357 A.2d 484 (1975).

Here, the defendant filed no affidavits but relied on assertions of fact in his brief in opposition to the plaintiff's motion. A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book (1998 Rev.) § 17-49; *Yanow* v. *Teal Industries, Inc.*, 178 Conn. 262, 268, 422 A.2d 311 (1979). Because

the defendant failed to file opposing affidavits, the trial court's decision could be affirmed.

In a memorandum of decision, however, the court addressed the substantive issue raised by the defendant. The defendant claimed that attorney's fees and costs of litigation are not recoverable as a priority debt. The plaintiff claims that § 47-258 authorizes as part of its condominium priority lien, the litigation expenses, including attorney's fees, incident to its foreclosure.

Section 47-258 (g) provides: "A judgment or decree in any action brought under this section shall include costs and reasonable attorney's fees for the prevailing party." The defendant does not dispute that this section authorizes the inclusion of these costs and fees as part of plaintiff's judgment but maintains that because § 47-258 (b) does not specifically include the words "costs and attorney's fees" as part of the priority lien, those fees and costs could not be imposed until a judgment was rendered.

This issue was reached and decided in *Hudson House Condominium Assn., Inc.* v. *Brooks*, 223 Conn. 610, 616–17, 611 A.2d 862 (1992), in which our Supreme Court held that § 47-258 (g) authorizes the inclusion of costs of collection as part of the lien, and that § 47-258 authorizes the inclusion of attorney's fees and costs in the sums entitled to priority. A 1991 legislative enactment, Public Acts 1991, No. 91-359, amended § 47-258 (b) specifically to include the costs of collection and attorney's fees within the priority. See General Statutes § 47-258 (b) (B).

The judgment is affirmed.

In this opinion the other judges concurred.