[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Manaforte Brothers, Inc. (Manaforte), one of several defendants in this action, has filed a motion for summary judgment on the fourth count of the plaintiff's complaint.
The plaintiff claims he was injured by a steel concrete form that fell from the second story of the building in which Manaforte employees were working.
In support of its motion, Manaforte has filed a memorandum of law and an affidavit of Thomas Keating that Manaforte was not the general contractor, had neither control nor possession of the work site and did not erect the steel form or supervise its installation. Further, Manaforte activities at the site were limited to ground level construction.
The plaintiff has filed no supporting documentation in opposition to this motion.
"To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts in accordance with Practice Book (1998 Rev.) §§ 17-45 and 17-46, formerly §§ 380 and 381, which contradict those stated in the movant's affidavits and documents and show that there is a genuine issue for trial. If he does not so respond, summary judgment shall be entered against him." Inwood Condominium Association v. Harold Winer,49 Conn. App. 694, 697, ___ A.2d ___ (1998).
"Both parties are required to file supporting documentation. Practice Book § 380; Batick v. Seymour, 186 Conn. 632, 645
n. 9, 443 A.2d 471 (1982). A party opposing a motion for summary judgment was entitled, indeed obligated, to file an affidavit reciting evidentiary matter to establish the existence of a genuine issue as to a material fact. Conference Center, Ltd. v.TRC, 189 Conn. 212, 217, 455 A.2d 857 (1983). If the nonmovant does not submit facts showing that there is an issue of fact, the court is entitled to rely upon the facts stated in the affidavit of the movant. . ." (Citations omitted; internal quotation marks omitted.) Williams v. City of Waterbury-Board of Educ., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 115664 (July 15, 1994, Sylvester, J.) (___ C.S.C.R. ___). CT Page 13170
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. . ." (Citation omitted; internal quotation marks omitted.) Googe v. Hellanbrand, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 560974 (October 4, 1996, Hennessey, J.) (___ CONN. L. RPTR. ___), citing Barrett v. Danbury Hospital,232 Conn. 242, 255, 654 A.2d 748 (1995).
"Pursuant to Practice Book §§ 380 and 381, now Practice Book (1998 Rev.) §§ 17-45 and 17-46, the party adverse to such a motion [for summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Brunswick v. Safeco Insurance Company,48 Conn. App. 699, 703, 711 A.2d 1202 (1998).
When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 653 A.2d 122 (1995).
The court finds that Manaforte has provided the court with sufficient documentation to carry its burden supporting the granting of this motion. The plaintiff has failed to respond.
Motion for summary judgment is granted.
Mihalakos, J.