[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF' MOTION FOR SUMMARY JUDGMENT (#109)
On June 9, 1998, the plaintiff, Fleet Mortgage Corporation, filed a complaint against John Brannigan, Michael Czupryna and Westchester Hills Condominium Association, Inc., seeking foreclosure and immediate possession of the premises located at Unit 8C Westchester Hills Condominium, Colchester, Connecticut. In addition, the plaintiff seeks a judgment of strict foreclosure, a deficiency judgment and reasonable attorney's fees.
The plaintiff's allegations, documents and affidavit indicate the following: On May 9, 1988, the defendants Brannigan and Czupryna mortgaged the subject premises to an assignor of the plaintiff as security for a $90,000 loan. The promissory note and deed were subsequently assigned to the plaintiff, who is the CT Page 4686 present owner and holder of the note and mortgage deed. The defendants Brannigan and Czupryna have failed to pay the installment of principal and interest due on February 1, 1998, and each consecutive month thereafter. As of September 28, 1998, there remains an unpaid balance in principal of $79,782.68, plus $4,976.53 in interest, $274.23 in late charges, and $1,126.48 in advanced escrow.
Default judgment entered against defendant Michael Czupryna on July 29, 1998, for his failure to appear. Similarly, a default judgment entered against Westchester Hills Condominium Association on August 26, 1998, for its failure to disclose a defense. The only remaining defendant, John Brannigan (hereinafter the "defendant"), filed his disclosure of defense on August 3, 1998, and his answer on August 20, 1998. In his answer, the defendant admits to the execution of the note and mortgage deed, but lacks sufficient information and belief to admit that the plaintiff is the owner and holder of those instruments. In addition, the defendant denies that he is in default.
On September 25, 1998, the plaintiff filed a motion for summary judgment which is presently before this court. The defendant has not filed an opposition nor submitted any counter-affidavits or documentation in support of his defense. The matter was scheduled for short calendar on February 8, 1999.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452, ___ A.2d ___ (1999). "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents and show that there is a genuine issue for trial. If he does not so respond, summary judgment shall be entered against him."Inwood Condominium Association v. Harold Weiner,49 Conn. App. 694, 697, 716 A.2d 139 (1998). "Both parties are required to file supporting documentation. . . . If the nonmovant does not submit facts showing that there is an issue of fact, the court is entitled to rely on the facts stated in the affidavit of the movant. (Citations omitted; internal quotation marks omitted.) Williams v. Waterbury Board of Education, Superior Court, judicial district of Waterbury, Docket No. 115664 (July 15, 1994, Sylvester, J.) (12 Conn. L. Rptr. 158). "In a case where CT Page 4687 a plaintiff files a motion for summary judgment and the defendant files no counter-affidavits or documentation, . . . the defendant suffers the risk of having summary judgment on liability enter once, but only if the plaintiff has first, by its affidavits and documentation, established a prima facie case that the motion should be granted." Scheer v. Olsen, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 055795 (June 8, 1998, Corradino, J.).
The court finds that the plaintiff has submitted sufficient evidence to support a prima facie action for foreclosure. The defendant's "mere filing of denials to the complaint . . . should not immunize [him] from summary judgment." Scheer v. Olsen, supra, Superior Court, Docket No. 055795. In reliance on the facts stated in the plaintiff's documents and affidavit, the court finds that there is no genuine issue of material fact, and as a matter of law, judgment should enter for the plaintiff.
Accordingly, the plaintiff's motion for summary judgment is granted.
Martin, J.