[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This action comes before the court on a motion for summary judgment by the plaintiff, Government Employees Insurance Company (GEICO), an out-of-state company duly authorized to conduct business and provide insurance in the state of Connecticut. On January 25, 1999, the plaintiff filed an action for declaratory relief against the defendants, Susan Gorneault, Clarissa L. Garnett and Roy Hernandez seeking an order of the court declaring that defendant Garnett is not covered under her GEICO motor vehicle insurance policy for an accident caused by defendant Hernandez because defendant Hernandez was specifically excluded from coverage under said policy.
On September 20, 1999, the plaintiff filed this motion for summary judgment (#111) on the ground that there is no genuine issue of material fact in regard to the insurance coverage for the named defendants. In support of the motion, the plaintiff filed a memorandum of law, CT Page 9374-w affidavits and other documents. The defendants did not file any opposing memorandum or documents in opposition to the motion. Defendant Garnett filed an affidavit that is used by the plaintiff in support of its motion. The court heard oral argument on April 24, 2000, and now renders this memorandum of decision.
The pleadings, affidavits and other documents presented on the motion for summary judgment reveal that this action is the product of a case currently pending before the Superior Court of Connecticut. On October 14, 1998, Susan Gorneault, a named defendant in the present suit, filed an action in New Britain Superior Court against both defendants Garnett and Hernandez. See Gorneault v. Hernandez, Docket No. CV-098-0490894. Gorneault claims that on August 27, 1996, a motor vehicle owned by defendant Garnett and driven by defendant Hernandez was involved in a collision with her motor vehicle. Gorneault claims that the collision was due to the negligence and carelessness of defendant Hernandez and caused her personal injuries.
Currently before the court is the plaintiff GEICO's motion for summary judgment on its action for declaratory relief regarding the issue of motor vehicle insurance coverage for the named defendants in the pending case of Gorneault v. Hernandez. The current plaintiff names as defendants all parties to the Gorneault v. Hernandez action, purposefully including any party that may have an interest in the outcome of the case as to later invoke collateral estoppel on the issue of insurance coverage. SeeWillard v. Travelers, 247 Conn. 331, 721 A.2d 894 (1998) (court allowed the plaintiff to collect insurance since the plaintiff was not a party to the declaratory judgment action and therefore collateral estoppel did not apply).
The affidavits and supporting documents filed by the plaintiff reveal that defendant Hernandez was operating defendant Garnett's motor vehicle at the time of the accident on August 27, 1996. (See Exhibit A, complaint, ¶ 2). At such time, defendant Garnett's motor vehicle insurance policy (#717-21-32) with the plaintiff was in effect. (See Exhibit B, affidavit of Robin Lubow, senior underwriter and the insurance policy; see also Exhibit C, affidavit of Clarissa L. Garnett, ¶ 6). This motor vehicle insurance policy included an exclusionary endorsement[1] signed by defendant Garnett, specifically excluding her stepson, defendant Hernandez, from coverage for any claim arising out of an accident occurring while the motor vehicle is being operated by him. (See Exhibit B, policy; see also Exhibit C, affidavit of Garnett, ¶ 9). In addition, defendant Hernandez is identified as the same Hernandez that was driving defendant Garnett's car on August 27, 1996 and a party to CT Page 9374-x both the accident with defendant Gorneault and the resulting suit, as well as the same Hernandez that was excluded from defendant Garnett's motor vehicle insurance policy. (See Exhibit A, complaint, ¶ 2; see also Exhibit C, affidavit of Garnett, ¶¶ 5, 14). The plaintiff also filed an affidavit attesting to the fact that defendant Hernandez is not currently active in the military service of the United States. (See affidavit of Deborah R. Roman, ¶ 3).[2]
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; see alsoDowling, Sr. v. Finley Associates, Inc., 248 Conn. 364, 369-70,727 A.2d 1245 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Sherwood v. Danbury Hospital, 252 Conn. 193, 201,746 A.2d 730 (2000). "[T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
"The adverse party [to the motion of summary judgment] prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary evidence." Practice Book § 17-45. "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." (Internal quotation marks omitted.) Inwood Condominium Assoc. v. Winer,49 Conn. App. 694, 697, 716 A.2d 139 (1998).
"To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents and show that there is a genuine issue for trial. If he does not so respond, summary judgment shall be entered against him." Id. "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book § 17-45], must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." (Internal quotation marks omitted.)Harvey v. Boehringer Ingelheim Corp., 52 Conn. App. 1, 8, 724 A.2d 1143
(1999).
The defendants in this action have not filed any opposition to the plaintiff's allegations nor have they filed affidavits or other documents CT Page 9374-y in furtherance of such opposition. Therefore, the defendants have failed to meet their burden in order to overcome the motion for summary judgment. Upon review of the documents submitted by the plaintiff, and in the absence of any opposing documents from the defendants, the court finds no genuine issue of material fact with regard to the facts alleged and sufficiently supported by the plaintiff. Accordingly, the plaintiff's motion for summary judgment is hereby granted.
BY THE COURT
Hon. Andre C. Kocay, Judge