MARY TRUGLIO ET AL. *v.* HAYES CONSTRUCTION
COMPANY
(AC 20681)

Landau, Spear and Mihalakos, Js.

Argued June 4—officially released November 6, 2001

*Jonathan N. Perkins*, with whom, on the brief, were *Joseph Dieso* and *John C. Mayano*, for the appellants (plaintiffs).

*Robert L. Cavanaugh, Jr.*, for the appellee (defendant).

*Opinion*

MIHALAKOS, J. In this action, which was commenced pursuant to the Connecticut Product Liability Act (act),[1] the plaintiffs, Mary Truglio and Peter Truglio, appeal from the summary judgment rendered in favor of the defendant, Hayes Construction Company. On appeal, the plaintiffs claim that the trial court improperly (1) permitted the defendant to challenge the legal sufficiency of their complaint in its motion for summary judgment and (2) granted the defendant's motion for summary judgment. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the disposition of the plaintiffs' appeal. On November 23, 1998, the plaintiffs filed an amended complaint in which they alleged that the defendant was liable to them for damages resulting from a fall Mary Truglio had suffered while walking on a sidewalk in 1996. In support of that allegation, the plaintiffs pleaded the following: (1) a defect in the sidewalk caused Mary Truglio to fall; (2) the defendant constructed that sidewalk in a defective manner; (3) that sidewalk was a "product" under the act; (4) the defendant was a "product seller," as defined in the act; and (5) the defendant was liable under the act for damages resulting from the fall.[2]

---

[1] General Statutes § 52-572m et seq.

[2] See General Statutes § 52-572n (a), which provides: "A product liability claim as provided in sections 52-240a, 52-240b, 52-572m to 52-572q, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against *product sellers*, including actions of negligence, strict liability and warranty, *for harm caused by a product*." (Emphasis added.)

On December 22, 1999, the defendant filed a motion for summary judgment. In support of its motion, the defendant submitted the affidavit of Stephen D. Hayes, its vice president, who averred, inter alia, that the form and pour method was the only method that the defendant employed to construct sidewalks. On February 1, 2000, the plaintiffs filed a memorandum of law in opposition to the defendant's motion for summary judgment. In support of their opposition to the defendant's motion, the plaintiffs submitted the affidavit of Edward Halprin, who averred that in his expert opinion, the front curbing, the bricks of the planter and the pavers had been delivered to the site of the sidewalk and installed. Halprin, in his affidavit, did not offer an opinion as to how the sidewalk itself had been constructed. On February 28, 2000, the plaintiffs filed a memorandum of law supplementing their opposition to the motion for summary judgment, in which they alleged that Hayes' affidavit was not based on personal knowledge and, therefore, was invalid.

On March 21, 2000, the court granted the defendant's motion for summary judgment, concluding that (1) the sidewalk that the defendant had constructed was not a "product" and (2) therefore, the plaintiffs' claims were beyond the scope of the act. In so doing, the court consulted the Model Uniform Product Liability Act (model act), 44 Fed. Reg. 62,714–50 (1979), because the legislature, in General Statutes § 52-572m et seq., had not defined the word "product." The model act provides in relevant part: " 'Product' means any object possessing intrinsic value, capable of delivery either as an assembled whole or as a component part or parts, and produced for introduction into trade or commerce. . . ." 44 Fed. Reg. 62,717. Applying that definition, the court concluded that the on-site construction of a sidewalk using the form and pour method was not a product but a service. After reviewing the parties' affidavits, the

court concluded that Hayes' averment that the defendant used only the form and pour method was uncontested. Consequently, because no genuine issue of material fact remained as to whether the sidewalk was a "product," the court concluded that the plaintiffs' claims were beyond the scope of the act. This appeal followed on April 6, 2000. Additional facts and procedural history will be presented as necessary.

## INTRODUCTION

For the plaintiffs to succeed ultimately in this product liability action, they must establish that the sidewalk that the defendant constructed was a product. See *Zichichi* v. *Middlesex Memorial Hospital*, 204 Conn. 399, 403, 528 A.2d 805 (1987); see also General Statutes § 52-572n (a). The act does not include a definition for the term "product;" a definition for the term "product seller" is provided, however. General Statutes § 52-572m (a). " 'Product seller' means any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term 'product seller' also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products." General Statutes § 52-572m (a).

The definition of "product seller" provided by § 52-572m (a) is identical to the definition provided by § 102 (1) of the Draft Uniform Product Liability Law (draft act), 44 Fed. Reg. 2996, 2997–98 (1979). Also, the draft act, like § 52-572m et seq., does not include a definition for the term "product." See id., 2996–3019. Those are not mere coincidences, for, as our Supreme Court previously has stated, the legislature based § 52-572m et seq. on the draft act (not on the model act). See, e.g., *Potter* v. *Chicago Pneumatic Tool Co.*, 241 Conn. 199, 230, 694 A.2d 1319 (1997); *Elliot* v. *Sears, Roebuck &*

*Co.*, 229 Conn. 500, 505–506, 642 A.2d 709 (1994). Because the legislature, in § 52-572m (a), adopted verbatim the language of § 102 (1), we look to the commentary to § 102 (1) of the draft act for guidance. See *Potter* v. *Chicago Pneumatic Tool Co.*, supra, 230–31 ("[b]ecause § 52-572p adopted the language of § 110 of the draft act nearly verbatim, we look to the commentary to the draft act for guidance").

The commentary to § 102 (1) of the draft act provides in relevant part: "The Act does not address several definitional problems of 'product seller.' First, it does not address the problem of the product seller engaged in a service. *See* 'Newmark v. Gimbel's Inc.,' 54 N.J. 585, 258 A.2d 697 (1969). It is suggested that a party be considered a product seller where a sale of a product is a principal part of the transaction and where the essence of the relationship between the buyer and seller is *not* the furnishing of professional skill or services. *See* Annot., 29 'A.L.R.' 3d 1425 (1970)." (Emphasis in original.) 44 Fed. Reg. 3003.

As we conclude in this opinion, the affidavits and other evidence in the present case disclose that the defendant constructed the sidewalk using the form and pour method. See part II. The essence of the relationship between the defendant and the buyer was the furnishing of a service, not the sale of a product, because the sidewalk was composed of concrete that was transported in liquid form to the site and then used by the defendant to pour the sidewalk. See footnote 6. With that conclusion in mind, we now consider the plaintiffs' procedural claim and, thereafter, explain the basis for our conclusion that the defendant constructed the sidewalk using the form and pour method.

I

First, the plaintiffs claim that the court improperly permitted the defendant to challenge the legal suffi-

ciency of their complaint in its motion for summary judgment. Specifically, the plaintiffs claim that the defendant, in failing to file a motion to strike the operative complaint, waived its right to challenge the legal sufficiency of that complaint. We reject the plaintiffs' claim.

The following procedural history is relevant to the plaintiffs' claim. In their operative complaint, the plaintiffs alleged, inter alia, that "the defendant . . . caused to be designed, constructed, manufactured and installed the sidewalk-in-issue which is a product pursuant to [General Statutes] § 52-572m." The defendant did not file a request to revise the amended complaint; see Practice Book § 10-35;[3] or a motion to strike the amended complaint. See Practice Book § 10-39.[4] On December 27, 1999, approximately one year after the plaintiffs filed their amended complaint, the defendant filed a motion for permission to file a motion for summary judgment pursuant to Practice Book § 17-44. The court granted that motion and, thereafter, considered the motion for summary judgment, which the defendant had filed five days earlier.

In its motion for summary judgment, the defendant raised the following three part argument: (1) a sidewalk is not necessarily a "product," i.e., a sidewalk constructed using the form and pour method is not a "prod-

[3] Practice Book § 10-35 provides in relevant part: "Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading."

[4] Practice Book § 10-39 (a) provides in relevant part: "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof."

uct"; (2) even when viewed in the light most favorable to the plaintiffs, the pleadings and the affidavits establish that the defendant used only the form and pour method when it constructed sidewalks; and (3) for the foregoing reasons, the court should render summary judgment in its favor. On February 1, 2000, the plaintiffs filed a memorandum of law in opposition to the defendant's motion for summary judgment. In their memorandum, the plaintiffs argued that (1) the defendant, in its motion for summary judgment, was challenging the legal sufficiency of their complaint and (2) the use of that motion for that purpose was improper. Nonetheless, the plaintiffs never indicated to the court that they required additional time to obtain affidavits or other evidence to contradict the defendant's averment that it used only the form and pour method when constructing sidewalks. The court, despite the plaintiffs' opposition, elected to consider the defendant's three part argument and, as previously discussed, granted the defendant's motion for summary judgment.

The plaintiffs claim that they were prejudiced by the court's decision to consider, and later credit, the defendant's three part argument in favor of summary judgment. Specifically, the plaintiffs maintain that they were prejudiced when the court considered a challenge to the legal sufficiency of their complaint (a motion to strike) in the context of the motion for summary judgment. We recognize that "[t]here is a substantial difference between a motion for summary judgment and a motion to strike. The granting of a defendant's motion for summary judgment puts the plaintiffs out of court, as it did in this case. See Practice Book § 17-49. The granting of a motion to strike allows the plaintiff to replead his or her case. See Practice Book § 10-44." *Rivera* v. *Double A Transportation, Inc.*, 248 Conn. 21, 38 n.3, 727 A.2d 204 (1999) (*Berdon, J.*, concurring in part, dissenting in part).

Admittedly, the first part of the defendant's three part argument addresses a question of statutory interpretation and, thus, possesses some of the characteristics of a motion to strike.[5] Although the defendant never filed a motion to strike the amended complaint, the plaintiffs were aware from the text of the defendant's motion for summary judgment that the defendant was challenging, either directly or indirectly, the legal sufficiency of their complaint, and the record discloses that the plaintiffs responded accordingly.

Given the procedural history of the case, we instead believe that the following inquiry must be undertaken to resolve the plaintiffs' claim: (1) whether the plaintiffs were capable of obtaining additional affidavits or other evidence in their effort to contradict Hayes' affidavit, which indicated that the defendant used only the form and pour method when constructing sidewalks, and, if so, (2) whether the procedural latitude that the court afforded the defendant prevented the plaintiffs from obtaining that evidence in time to aid in their efforts to oppose the defendant's motion for summary judgment. The record discloses that the plaintiffs did not file a motion for extension of time to file their opposition to the defendant's motion for summary judgment. The record discloses also that the plaintiffs did not otherwise indicate to the court that they were capable of obtaining additional affidavits or other evidence to aid in their efforts to contradict Hayes' affidavit. Moreover, in their appeal, the plaintiffs have not asserted that, since filing their opposition to the motion for summary judgment, they obtained additional evidence that would have aided in their efforts to contradict Hayes' affidavit. From those circumstances, we infer that the plaintiffs were not capable of obtaining additional evidence in

[5] In the first part of its three part argument, the defendant maintained that a sidewalk constructed using the form and pour method is not a "product" under General Statutes § 52-572m et seq.

their effort to contradict Hayes' affidavit, which indicated that the defendant used only the form and pour method when constructing sidewalks. We therefore conclude that the plaintiffs were not prejudiced by the court's decision to afford the defendant procedural latitude. Accordingly, we conclude also that the court did not act improperly in exercising its discretion on behalf of the defendant. See *Boucher Agency, Inc.* v. *Zimmer*, 160 Conn. 404, 409–10, 279 A.2d 540 (1971).

## II

The plaintiffs claim that the court improperly granted the defendant's motion for summary judgment. Specifically, the plaintiffs argue that the court improperly concluded that they failed to contradict Hayes' affidavit averring (1) that the defendant used only the form and pour method, and (2) the defendant constructed the sidewalk in question using that method. We disagree.

" 'The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.' " (Citations omitted.) *Rivera* v. *Double A Transportation, Inc.*, supra, 248 Conn. 24.

" 'To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts in accordance with Practice Book (1998 Rev.) §§ 17-45 and 17-46, formerly §§ 380 and 381, which contradict those stated in the movant's affidavits and documents and show that there is a genuine issue for trial. If he does not so respond, summary judgment shall be entered against him. *Farrell* v. *Farrell*, 182 Conn. 34, 38, 438 A.2d 415 (1980); *Rusco Industries, Inc.* v. *Hartford Housing Authority*, 168 Conn. 1, 5, 357 A.2d 484 (1975).' *Inwood Condominium Assn.* v. *Winer*, 49 Conn. App. 694, 697, 716 A.2d 139 (1998)." *Hryniewicz* v. *Wilson*, 51 Conn. App. 440, 444, 722 A.2d 288 (1999).

When viewed in the light most favorable to the plaintiffs, the affidavits and other proof submitted by the parties disclose that Hayes' affidavit is uncontradicted.[6]

[6] In his affidavit, Hayes stated in relevant part: "2. I make this affidavit of my own free will and based on my personal knowledge.

"3. I have been employed by The Hayes Construction Company since May 1973, and by MS&P Construction Co. since August 1983.

\* \* \*

"7. *The sidewalks and walkways at the Post Office [the location where Mary Truglio allegedly fell] were constructed on site by the 'form and pour' method, which is the only way that sidewalks or walkways are and have been created by MS&P (now known as The Hayes Construction Company).*

"8. The 'form and pour' method consists of the following: After the placement of the structural fill, and compaction of that material, which in the case of the Post Office was done by Reliable Excavating Company, Inc., sidewalk forms were constructed of lumber by an MS&P (Hayes) employee. The inside of the wood forms were coated with a petroleum spray for easy stripping of the wood forms once the concrete has set up. A concrete mixture was delivered to the job site by a concrete mixer and was poured from a chute into the wood forms. A straight edge known as a screed, was then dragged across the top of the form to smooth out the contents. Concrete finishers then hand floated the concrete surface using wood or metal floats. A 'broom finish' was then given to the hardening concrete, using a corn broom. That gave the concrete texture. The wood forms were removed approximately twenty-fours after the concrete was poured."

Additionally, we note that the plaintiffs claim that Hayes' affidavit was not based on personal knowledge and, therefore, was invalid. Because the plaintiffs failed to brief that claim adequately, we deem it abandoned and, therefore, decline to review it. See *State* v. *Mims*, 61 Conn. App. 406, 410, 764 A.2d 222, cert. denied, 255 Conn. 944, 769 A.2d 60 (2001).

The plaintiffs maintain that Halprin's affidavit, which they submitted in opposition to the defendant's motion for summary judgment, contradicts Hayes' affidavit. Hayes, in his affidavit, averred: "The sidewalks and walkways at the Post Office [the location where Mary Truglio allegedly fell] were constructed on site by the 'form and pour' method, which is the only way that sidewalks or walkways are and have been created by MS&P (now known as The Hayes Construction Company)."

Halprin, in his affidavit, averred in relevant part: "3. In my experience, construction is sometimes accomplished by the forming of concrete slabs at a central location and the transportation of those slabs for installation at the site. 4. The front walkway at the post office could have been installed by means of delivery to the site of precast concrete slabs."

Contrary to the plaintiffs' assertion, Halprin's affidavit does not contradict Hayes' affidavit. At best, Halprin averred that (1) sidewalks are *sometimes* composed of prefabricated concrete slabs that are merely installed on-site and (2) the sidewalk on which Mary Truglio allegedly fell *could* be composed of prefabricated concrete slabs. "It has long been recognized that, in order to avoid speculation and conjecture, '[a] trier is not concerned with possibilities but with reasonable probabilities.' *Boland* v. *Vanderbilt*, 140 Conn. 520, 525, 102 A.2d 362 (1953). . . . 'Whether an expert's testimony is expressed in terms of a reasonable probability that an event has occurred does not depend upon the semantics of the expert or his use of any particular term or phrase, but rather, is determined by looking at the entire substance of the expert's testimony.' *Struckman* v. *Burns*, 205 Conn. 542, 555, 534 A.2d 888 (1987)." (Citations omitted.) *Vickers* v. *Jessup*, 32 Conn. App. 360, 363–64, 629 A.2d 457, cert. granted, 227 Conn. 922, 632 A.2d 701 (1993) (appeal withdrawn March 18, 1994).

Viewing the entire substance of Halprin's statements, we conclude that those statements are merely unsubstantiated suppositions with which the court need not be concerned. Halprin expressed no opinion as to what method the defendant had used to construct the sidewalk in the present case. When viewed in the light most favorable to the plaintiffs, Halprin's affidavit does not allege specific facts that contradict Hayes' affidavit. See also *Kramer* v. *Petisi*, 53 Conn. App. 62, 70, 728 A.2d 1097 (" 'a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment' "), cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). Consequently, we conclude that the defendant constructed the sidewalk using the form and pour method. Thus, in accordance with our conclusion that a sidewalk that was constructed using the form and pour method is not a "product" under § 52-572m et seq., we conclude that the court, in this product liability action, properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion SPEAR, J., concurred.

LANDAU, J., concurring. I concur respectfully with the result reached by the majority, but I disagree with the route taken to reach that result. I also disagree with the plaintiffs' claim that the defendant used the motion for summary judgment as a motion to strike, i.e., to test the legal sufficiency of the complaint, and that the trial court gave the defendant procedural latitude in granting its motion for summary judgment.[1]

A motion to strike tests the legal sufficiency of a complaint to state a recognized cause of action. Practice

[1] The plaintiffs appear to have constructed their argument in this court around the sequence of the defendant's argument in the trial court. Appellate courts must resist the temptation to adopt the labels assigned and logic followed by parties if the appellate mind is of a different opinion.

Book § 10-39. A motion to strike assumes all well pleaded facts are true; it does not challenge the truth of the facts alleged,[2] which falls under the guise of a motion for summary judgment or trial. In deciding a motion for summary judgment, a court must undertake a two step process: First, whether there are any genuine issues of material fact and second, whether the moving party is entitled to summary judgment as a matter of law. *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 745, 660 A.2d 810 (1995). Summary judgment shall be granted if the moving party is entitled to a directed verdict on the same facts. *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 781, 595 A.2d 334 (1991). Here, the issue is not whether the plaintiffs alleged a recognized cause of action, which they did, but whether they could prevail on the facts alleged as a matter of law.

The plaintiffs' cause of action rises and falls on how the sidewalk was constructed.[3] No motion to strike could have resolved that issue because that fact was determined by evidence outside the pleadings, not by the allegations of the complaint. The defendants submit-

---

[2] "In an appeal from a judgment following the granting of a motion to strike, we must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . A motion to strike admits all facts well pleaded. . . . A determination regarding the legal sufficiency of a claim is, therefore, a conclusion of law, not a finding of fact. Accordingly, our review is plenary. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) *Emerick* v. *Kuhn*, 52 Conn. App. 724, 728–29, 737 A.2d 456, cert. denied, 249 Conn. 929, 738 A.2d 653, cert. denied sub nom. *Emerick* v. *United Technologies Corp.*, 528 U.S. 1005, 120 S. Ct. 500, 145 L. Ed. 2d 386 (1999).

[3] The majority states in the first sentence of its introduction that for the plaintiffs to succeed ultimately, they must prove that the sidewalk that the defendant constructed was a product. Implicitly, before the plaintiffs can prove that the sidewalk was a product, they must prove that there was no genuine issue as to how the sidewalk was constructed.

ted an affidavit from Stephen D. Hayes, who, on the basis of his personal knowledge, attested that the sidewalk was created by the form and pour method. The plaintiffs produced no competent evidence to challenge Hayes' testimony as to how the sidewalk was made. The plaintiffs submitted an affidavit from Edward Halprin, an expert, who attested from his experience, not from facts related to the situation at hand. "While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion . . . a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Citation omitted; internal quotation marks omitted.) *Norse Systems, Inc.* v. *Tingley Systems, Inc.*, 49 Conn. App. 582, 591, 715 A.2d 807 (1998). Consequently, the court properly determined that there was no genuine issue of material fact as to how the sidewalk was constructed.

The court then decided as a matter of law that a sidewalk created by the form and pour method was not a product under our products liability act. I agree with that portion of the majority opinion affirming the trial court's resolution of that issue. The court properly rendered summary judgment in favor of the defendant because the defendant would have been entitled to a directed verdict as a matter of law. Because the court rendered summary judgment in keeping with our law and procedure, it did not afford the defendant any procedural latitude by treating the motion for summary judgment as a motion to strike.[4]

---

[4] I also disagree with the majority's citing of *Boucher Agency, Inc.* v. *Zimmer*, 160 Conn. 404, 409–10, 279 A.2d 540 (1971). As this court has twice before stated; see *Gould* v. *Mellick & Sexton*, 66 Conn. App. 542, 554 n.12, 785 A.2d 265 (2001); *Burke* v. *Avitabile*, 32 Conn. App. 765, 772 n.9, 630 A.2d 624, cert. denied, 228 Conn. 908, 634 A.2d 297 (1993); *Zimmer* is anomalous and limited to the unusual facts and procedural posture of that case. At the time that *Zimmer* was decided, a motion for summary judgment could be filed only when the pleadings were closed. Effective October 1, 1992, our rules of practice were amended to permit a motion for summary judgment to be filed at any time. Practice Book § 379, now § 17-44.

For the foregoing reasons, I respectfully concur in the majority opinion.