[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#127)
The plaintiff in this matter is Roberto Mangual. The defendants are Abdul, Inc., d/b/a Clinton Getty, Adnan Akach, Ahmad Albezreh, Getty Properties Corp., Getty Petroleum Marketing, Inc., and Leemilt's Petroleum, Inc., all are alleged to be owner/operators and/or in possession of the real property where the plaintiff's tire and rim were installed. The plaintiff brings a two count complaint against the defendants for his injuries pursuant to the Connecticut Products Liability Act (CPLA), General Statutes § 52-572m, et seq. Specifically, the plaintiff alleges that he went to the defendants' service station located in Bridgeport Connecticut on April 30, 1998, to have a tire and rim installed on his vehicle. The plaintiff alleges that the defendants' employees and or servants installed the tire on the rim and inflated the tire and charged him a fee of five ($5.00) dollars. Shortly after leaving the defendants' service station, the plaintiff alleges that he noticed that the tire was improperly inflated and that he attempted to inflate the tire himself at a different location. The plaintiff alleges that immediately after he added air to the tire, it exploded causing him injury.
In count one, the plaintiff alleges that the defendants failed to provide him with adequate warnings and/or instructions concerning the dangers in the use, preparation, assembly, and installation of the tire. Further, he alleges that the defendants' negligent preparation, assembly and installation of the tire proximately caused his injuries and that the defendants breached their warranty of merchantability in their selling CT Page 4255 and/or distributing the product as merchantable, safe and fit for its intended use. The plaintiff claims that as a result of this breach he was seriously injured. In count two, also brought under the CPLA, the plaintiff alleges that his injuries were the result of the defendants' reckless disregard for his safety as product user and consumer.
The defendants Getty Properties Corp., Getty Petroleum marketing, Inc. and Leemilt's Petroleum, Inc. (collectively the Getty defendants) moves for summary judgment on the ground that the plaintiff has not stated a viable cause of action against this defendant under the CPLA because the plaintiff's claim involves a service performed by the defendants and not the sale of a product. The defendants contend that they did not sell the tire to the plaintiff and only installed and inflated it which places the defendant's actions outside the scope of the CPLA. The defendants assert that the service performed for the plaintiff was done after a third party had already placed the product in the stream of commerce thereby making the plaintiff's claim insufficient to state a proper claim under the CPLA. In support of their motion, the Getty defendants submit a stipulation of facts signed by the plaintiff which states that the plaintiff purchased the tire and rim from a third party and that the only thing the defendants did was inflate and install the tire and rim. (Defendant's Memorandum, Exhibit A, ¶¶ 1, 4.) The Getty defendants assert this stipulation proves that they were a service provider, not a product seller. In opposition, the plaintiff argues that the installation and inflation of the tire created a new product under the terms of the CPLA. Specifically, the plaintiff contends that upon installation and inflation, a new product was created: "a tire that was capable of use on a motor vehicle" which did not previously exist prior thereto. (Plaintiff's Memorandum, p. 4.) The plaintiff asserts that a question of fact exists as to whether a new product was created and whether the Getty defendants actions placed the product into the stream of commerce.
"[Summary] judgment . . . shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [§ 17-469]. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Citation omitted; internal quotation marks omitted.) H.O.R.S.E. of Connecticut, Inc. v. Washington, CT Page 4256258 Conn. 553, 558, 783 A.2d 993 (2001). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) United Oil Co. v. Urban Development Commission,158 Conn. 364, 378, 260 A.2d 596 (1969).
The CPLA provides that "`[a] product liability claim . . . may be asserted and shall be in lieu of all other claims against productsellers, including actions of negligence, strict liability and warranty, for harm caused by a product.'" (Emphasis added) Winslow v.Lewis-Shepard, Inc., 212 Conn. 462, 463, 562 A.2d 517 (1989). Whether an entity is a product seller is an issue that may be determined by the court, as a matter of law. See Burket v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65, 72, 579 A.2d 26 (1990); See also New England VarietyDistributors, Inc. v. Alarm Security Protection Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 545381 (September 25, 1998, Peck, J.) (23 Conn.L.Rptr. 85, 88.).
"General Statutes § 52-572m (b) defines a product liability claim as including `all claims or actions brought for personal injury . . . caused by the . . . marketing . . . of any product.' Section 52-572n (a) allows such claims to be brought against `product sellers.' Section 52-572m
(a) defines `product seller', in pertinent part, as `any person or entity . . . who is engaged in the business of selling such products whether the sale is for resale or for use or consumption.' To maintain a product liability action under § 52-572m et seq., the plaintiff must establish and prove, inter alia, `that . . . the defendant was engaged in the business of selling the product . . . [and] the defect existed at the time of the sale. . . . Once a particular transaction is labeled a `service,' as opposed to a `sale' of a `product,' it is outside the purview of our product liability statute." (Citations omitted; emphasis in original) Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 403,528 A.2d 805 (1987).
The Getty defendants argue that summary judgment is appropriate as the plaintiff fails to allege that they sold, distributed, produced or manufactured the tire and rim. The Getty defendants further contend that they cannot be considered a product seller of this tire and rim because the plaintiff has stipulated that he bought both items elsewhere and that they only installed the tire on the rim and inflated it.
In this case, the evidence indicates that the essence of the transaction between the plaintiff and the Getty defendants was a transaction for services. "The act does not include a definition for the term "product'." Truglio v. Hayes Construction Co., 66 Conn. App. 681, CT Page 4257 684, 785 A.2d 153 (2001). "To determine whether something is a service or a product, some courts have focused on the object of the contract. See id., 692. See also Gilbane Building Co. v. Stamford Towers, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 118788 (August 31, 1995, D'Andrea, J) (construction manager was not a product seller of allegedly defective panels where plaintiff failed to demonstrate that manager was in the business of selling panels); See alsoHines v. JMJ Construction Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 506329 (January 11, 1993,Milano, J.) (sub-contractor who constructed a sidewalk performed a service).
In Paul v. McPhee Electrical Contractors, 46 Conn. App. 18, 698 A.2d 354
(1997), the court held that an electrician who installed a light fixture was not a product seller under the CPLA because there was no indication that the electrician was involved in placing the light fixtures into the stream of commerce. Id., 23. Further, in Rodia v. Tesco Corp.,11 Conn. App. 391, 396, 527 A.2d 721 (1987), the court noted that a repairer cannot be held liable under a product liability claim if the repairer is not the product seller and therefore, did not put the product into the stream of commerce "but merely repaired the product after the fact."
The evidence submitted by the defendant establishes that the Getty defendants are not product sellers as that term is used in the CPLA and they merely provided him with a service in mounting and inflating his tire after the items were already in the stream of commerce. The plaintiff stipulated that he bought the tire and rim elsewhere and the only thing the defendants did was install and inflate the tire. Furthermore, the tire and rim were already in the stream of commerce.
The Motion for Summary Judgment also asserts the Getty defendants were lessors and not in control of the property. The plaintiff asserts further discovery is needed on this issue. However, the ruling on this motion is not based on the issues of control.
The Motion for Summary Judgment (#127) is therefore granted.
RUSH, J.