[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE THE SECOND AND THIRD SPECIAL DEFENSES
The plaintiff, a City of New Haven police officer conducting traffic stops, was injured by a motor vehicle driven by another city employee. The plaintiff brought this action against the second officer and the city seeking damages based on the second officer's negligence. The City also filed an intervening complaint to recover its worker's compensation payments on behalf of the plaintiff The defendants filed an answer and a special defense, based on the plaintiffs alleged comparative negligence, and the plaintiff filed a reply denying the special defense.
The defendants then amended their answer to add a special defense based on the "firefighter's rule", to which the plaintiff also filed a reply, denying the allegations of both special defenses. Then, on May 14, 2001, the defendants filed a request, to which the plaintiff did not object, for leave to amend their answer and special defenses yet again by adding a third special defense that raised the exclusivity of the plaintiffs worker's compensation remedy as a defense. Rather than filing a reply to the special defenses as amended, the plaintiff filed a motion to strike the second and third special defenses on the grounds that the firefighter's rule does not apply to the present case and that the workers' compensation statute provides an exception that would allow suit in the present case. The defendants object to the motion to strike, arguing, first, that the plaintiff has waived his right to file a motion to strike the special defenses and, second, that the plaintiffs motion must fail for substantive reasons. CT Page 4472
As to their procedural objection, the defendants rely upon Practice Book § 10-61, which provides in pertinent part that "[w]hen any pleading is amended the adverse party may plead thereto within the time provided by Section 10-8 or, if the adverse party has already pleaded, alter the pleading, if desired, within ten days after such amendment or such other time as the rules of practice, or the judicial authority, may prescribe. . . ." Practice Book § 10-8 provides in pertinent part that "pleadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day, and any subsequent pleadings, motions and requests shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the judicial authority thereon. . . ." Because the plaintiff failed to object, the defendant's amended answer and special defenses were deemed filed on May 30, 2001 pursuant to Practice Book § 10-60. The plaintiff filed this motion to strike on August 10, 2001.
The judicial authority has the discretion to allow a pleading despite a waiver. Howard v. CT Realty Trust, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531194 (January 29, 1996,Schimelman, J.) (16 Conn.L.Rptr. 607) ("[T]he very words of [Practice Book § 10-7] . . . indicate . . . that the court has discretion to allow the filing of pleadings out of order.")
As to the second special defense, which raises the "firefighter's rule" as a bar to the present action, the plaintiff had clearly waived his right to file a motion to strike in that he had already replied to the same special defense as contained in an earlier amended answer and special defenses. The second special defense as currently amended raises no new issues that would require repleading by the plaintiff his initial denial stands as a reply to both the first and second special defenses.
The third special defense, raising the exclusivity of the worker's compensation remedy, however, is new to this case. By failing to object to the proposed amendment, the plaintiff has allowed the May 2001 Answer and Special Defenses to become the operative pleading, superseding previous versions. By failing to plead to the third special defense within the required fifteen days, the plaintiff is in technical default, although the defendants have not sought to sanction the plaintiff for its failure to plead. Rather, their claim is that his delay precludes his from filing any kind of pleading at this time. Because the issue of the worker's compensation bar is a significant one that will have to be addressed by the court at some point, to deny the plaintiff the opportunity to file a somewhat belated motion to strike would raise form over substance to a degree that runs the risk of having the court cut its proverbial nose to spite its face. If this court declines to address the CT Page 4473 issue now, it will certainly rise again in the context of the trial, and the purpose of pretrial motion practice is to narrow, not expand, the issues to be resolved at trial. For this reason, the procedural objection to the plaintiffs motion to strike the third special defense is overruled.
The situation regarding the effort to strike the second special defense is somewhat different. On September 26, 2001, the defendants filed a motion for permission to file a motion for summary judgment based on an opposing view of the same grounds raised in the present motion to strike, and on December 10, 2001, the court granted permission to file the motion for summary judgment. Thus, despite the fact that the plaintiff has twice waived his right to file a motion to strike, first by filing a reply to an identically worded special defense contained in an earlier incarnation of the defendant's answer and special defenses, and second by waiting more than two months before filing the present motion to strike, the defendant has implicitly agreed, by virtue of the filing of the motion for summary judgment, that the legal issues raised in both the second and third special defenses should be resolved prior to trial. Because the preferred method for testing the legal sufficiency of special defenses is through a motion to strike, rather than through a motion for summary judgment; Carnemolla v. Walsh, Superior Court, judicial district of Waterbury, Docket No. 155192 (November 8, 2001, Rogers, J.) and Douglasv. Board of Trustees for Connecticut State University, Superior Court, judicial district of New Haven, Docket No. 372571 (April 6, 1999,Silbert, J.); the court will exercise its discretion in favor of denying the procedural objection to the motion to strike both the second and the third special defenses.
As to the second special defense, regarding the applicability of the "firefighter's rule," the court has reviewed the cases cited by both parties, including the undersigned's own decision in Apuzzo v. Kobuta, Superior Court, judicial district of New Haven, Docket No. 342999 (January 14, 1999, Silbert, J.) Upon full consideration, this court adheres to the reasoning and conclusion expressed in the latter decision, namely that the firefighter's rule is one born out of premises liability cases and that it should be applied only to such cases. Because the situation here involves an injury in a public place, namely a public highway, the rule is inapplicable, and the motion to strike the second special defense is therefore granted.
As to the third special defense, the court finds that the defendants have made a sufficient allegation of workers' compensation exclusivity. The plaintiff argues that the third special defense should be stricken because the Workers' Compensation Act preserves the right of an employee to bring suit against a third party, even though the plaintiff was CT Page 4474 injured in the course of his employment.
General Statutes § 31-284 provides in relevant part that "[a]n employer . . . shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . . ." The Workers' Compensation Act does not preclude a cause of action against a third party even though the employee was injured in the course of his employment. General Statutes § 31-293. See also Reichert v. Sheridan, 34 Conn. App. 521, 530, 642 A.2d 51
(1994), aff'd., 233 Conn. 251, 658 A.2d 96 (1995). Reading the special defenses as a whole and in the manner most favorable to the defendants, however, the court finds that the defendants have sufficiently pleaded a special defense of workers' compensation exclusivity.
In the pleadings, the defendants allege that the plaintiff failed "to follow New Haven Police Department or other law enforcement protocol, rules, guidelines, regulations or other customs while conducting vehicular law enforcement activities." While the special defenses do not explicitly state that the plaintiff was a police officer injured while pursuing his employment duties, "[w]hat is necessarily implied [in an allegation] need not be expressly alleged." Truglio v. Hayes ConstructionCo., 66 Conn. App. 681, 695, 785 A.2d 1153 (2001). The implication of the allegations of the complaint is that the plaintiff injured himself while in the course of his employment as a New Haven police officer. Moreover, the court notes that one of the defendants is the town of New Haven, the employer of a New Haven police officer.
The third special defense does allege that the plaintiffs claims are barred as to "some or all of the defendants" and that, in the present case, one of the defendants probably did not employ the plaintiff "If the motion attacks the entire pleading, [however,] it will fail if any part of the pleading is legally sufficient." Grier v. West Haven PoliceDepartment, 40 Conn. Sup. 221, 222, 487 A.2d 576 (1984), aff'd.,8 Conn. App. 142, 510 A.2d 1376 (1986) (Per Curiam). Because the third special defense is viable as to one defendant, it should not be stricken.[1]
The motion to strike the second special defense is therefore strike the third special defense is denied.
 ___________________ Jonathan E. Silbert, Judge