[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (149)
Background
This is a product liability action brought by the Plaintiff homeowners against the Defendant, Joseph J. Mottes Company, whom they claim supplied the concrete used to construct their home. The Plaintiffs claim that the concrete was defective and caused the deterioration of the foundation to their home. The Defendant has moved for summary judgement claiming that: 1) any liquid concrete supplied by the Defendant was not a product under General Statutes § 52-572m et seq.; 2) the plaintiff has failed to allege that the so called "product" was expected to and did reach the Plaintiffs without substantial change in the condition in which it was sold; 3) the Plaintiffs admitted the Defendant's Fourth Special Defense and therefore the Defendant is not liable to the Plaintiffs.
Discussion
Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
As to the first issue raised in the Defendant's motion, the determination of whether the concrete in question here is a "product" within the meaning of the product liability statutes is clearly a fact based determination despite the Defendant's claim that as a matter of law liquid concrete is not considered a product under the Connecticut Products Liability Act. Here the Defendant has not submitted any evidence to support the factual allegations it alleges, in particular at page 8 of its motion or page 6 of its reply, to support its claim, based on the nature, production and distribution of the Defendant's cement, that it is not a "product" within the meaning of the Act. In addition, the Defendant's reliance on the decision in Truglio is misplaced. The claim there was against the party that constructed the sidewalk and not the CT Page 12230 manufacturer of the concrete used to do so. There the court noted that: "The essence of the relationship between the defendant and the buyer was the furnishing of a service, not the sale of a product, because the sidewalk was composed of concrete that was transported in liquid form to the site and then used by the defendant to pour the sidewalk." Trugliov. Hayes Construction Co., 66 Conn. App. 681, 685 (2001).
Next the Defendant claims that it is entitled to summary judgment because the Plaintiffs have failed to allege that the Defendant's product was expected to and did reach the user or consumer without substantial change in the condition in which it was sold. Although this may be a necessary element of the Plaintiffs' prima facie case, the failure of the Plaintiffs to allege it in their complaint is more appropriately the subject of a Motion to Strike rather than a Motion for Summary Judgment especially where, as here, the facts are in dispute. Arnone v.Connecticut Light Power, Superior Court, judicial district of Waterbury, Docket No. X01 CV 98 0168276 (Mar. 22, 2002) (2002 Ct. Sup. 3858).
Lastly, the Defendant claims that since the Plaintiffs admitted the Defendant's Fourth Special Defense they have failed to make out a prima facie case sufficient to support a product liability claim. In that defense the Defendant claims that: "If the defendant supplied concrete to plaintiffs' home, it was not used by the home contractor in the manner that was appropriate for its use." The Defendant claims that in light of this admission the Defendant is not liable in accordance with the provisions of General Statutes § 52-572p. That statute provides: "(a) A product seller shall not be liable for harm that would not have occurred but for the fact that his product was altered or modified by a third party unless: (1) The alteration or modification was in accordance with the instructions or specifications of the product seller; (2) the alteration or modification was made with the consent of the product seller; or (3) the alteration or modification was the result of conduct that reasonably should have been anticipated by the product seller. (b) For the purposes of this section, alteration or modification includes changes in the design, formula, function or use of the product from that originally designed, tested or intended by the product seller." For an alteration or modification of the product to relieve the seller from liability the change must be "the sole proximate cause, and not merely a substantial contributing factor, of the plaintiff's harm." Potter v.Chicago Pneumatic Tool Company, 241 Conn. 199, 235 (1997). The admission by the Plaintiffs of the Defendant's claim that the home contractor used the concrete in a manner not appropriate for its use does not alone establish that such use was the sole proximate cause of the Plaintiffs' harm. CT Page 12231
Conclusion
The Defendant's Motion for Summary Judgment is denied.
 __________________, J. Jane S. Scholl
CT Page 12232