MICHAEL D. BARILE *v.* LENSCRAFTERS, INC., ET AL.
(AC 22475)

Mihalakos, Dranginis and West, Js.

Submitted on briefs October 31—officially released December 24, 2002

*Laura Lee A. Dorflinger* filed a brief for the appellant (plaintiff).

*Kenneth W. Gage* and *Mark J. Chumley* filed a brief for the appellee (named defendant).

*Otto P. Witt* filed a brief for the appellee (defendant Jennifer E. Saller).

*Opinion*

PER CURIAM. The plaintiff, Michael D. Barile, appeals from the summary judgment rendered in favor of the defendants, LensCrafters, Inc., and Jennifer E. Saller.

The following facts and procedural history are relevant to our disposition of the plaintiff's appeal. The plaintiff commenced this action against the defendants, alleging defamation, wrongful discharge and negligent and intentional infliction of emotional distress. On August 18, 2000, Saller filed a motion for summary judgment. On December 27, 2000, LensCrafters, Inc., filed a motion for summary judgment. The court scheduled a hearing on both motions for August 13, 2001; however, at the request of the plaintiff's counsel, the hearing was continued to August 20, 2001. On August 17, 2001, three days before the scheduled hearing, the plaintiff filed his memorandum of law in opposition to the motion filed by LensCrafters, Inc. He did not file opposition papers regarding Saller's motion until the morning of the hearing.

After the hearing, the court granted the defendants' motions for summary judgment on the ground that the plaintiff had failed to comply with Practice Book § 17-45.[1] Thereafter, the plaintiff filed a motion to reargue, which the court denied. This appeal followed.

[1] Practice Book § 17-45 provides in relevant part: "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. . . . *The adverse party shall at least five days before the date the motion is to be considered on*

"The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *H.O.R.S.E. of Connecticut, Inc.* v. *Washington,* 258 Conn. 553, 558–59, 783 A.2d 993 (2001).

"The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) *Pion* v. *Southern New England Telephone Co.,* 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted.) *2830 Whitney Avenue Corp.* v. *Heritage Canal Development Associates, Inc.,* 33 Conn. App. 563, 569, 636 A.2d 1377 (1994). When a party files a motion for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." *Heyman Associates No. 1* v. *Ins. Co. of Pennsylvania,* 231 Conn. 756, 795, 653 A.2d 122 (1995). "Finally, the scope of our review of the trial court's decision to

the short calendar file opposing affidavits and other available documentary evidence. . . ." (Emphasis added.)

grant the [defendants' motions] for summary judgment is plenary." *H.O.R.S.E. of Connecticut, Inc.* v. *Washington,* supra, 258 Conn. 560.

The plaintiff claims that the court abused its discretion by granting the defendants' motions for summary judgment on procedural grounds rather than addressing the merits of his claims. The court, citing *Inwood Condominium Assn.* v. *Winer,* 49 Conn. App. 694, 697–98, 716 A.2d 139 (1998), granted the defendants' motions on the ground that the "plaintiff failed to file [opposing] affidavits [as] mandated by [Practice Book] § 17-45." Section 17-45 provides in relevant part that "[t]he adverse party *shall* at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. . . ." (Emphasis added.) Moreover, in its memorandum of decision on the plaintiff's motion to reargue, the court stated that the "plaintiff failed to file opposition papers in a timely manner." We agree with the court. See Practice Book § 17-45; *Inwood Condominium Assn.* v. *Winer,* supra, 697–98.

The judgment is affirmed.