[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#105)
On March 21, 2002, the plaintiff, Cynthia Geiger, filed a five-count complaint against the defendants, Carlos Ortega, Juan Colon, Enterprise Rent-A-Car Company (Enterprise) and State Farm Mutual Automobile Insurance Company (State Farm), seeking damages for injuries she allegedly sustained in an automobile accident. Geiger alleges that she sustained injuries when her vehicle was struck from behind by Ortega, the operator of the car, which had been leased to Colon by Enterprise. Counts one and two allege negligence against Ortega and Colon, respectively. Geiger brings count three against Colon, alleging that he is liable for her injuries pursuant General Statutes § 52-183.[1] Geiger brings count four against Enterprise alleging that it is liable to her for the injuries she sustained when the vehicle, owned by Enterprise, rented to Colon and operated by Ortega, struck the rear of her vehicle, pursuant to General Statutes § 14-154a.[2] Geiger brings count five against State Farm alleging that it is legally responsible, pursuant to an insurance contract, in accordance with General Statutes § 38a-336.[3]
On November 5, 2002, Enterprise filed a motion for summary judgment as to count four of the complaint on the ground that no genuine issues of material fact exist and it is entitled to summary judgment as matter of law because, pursuant to § 14-154a and the rental agreement, it cannot be held liable for the damages caused by an unauthorized driver. In support of its motion for summary judgment, Enterprise submits a memorandum of law, a copy of the rental agreement (Exhibit A) and a copy of the police accident report (Exhibit B).[4] Geiger has not filed a memorandum or any documentary evidence opposing Enterprise's motion for summary judgment.
"When a party files a motion for summary judgment and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." (Citations omitted; internal quotation marks omitted.) Barile v.CT Page 2945Lenscrafters, Inc., 74 Conn. App. 283, 285, 811 A.2d 743 (2002).
 LAW
Enterprise argues that it rented the vehicle to Colon and, pursuant to the terms of the rental agreement, no other drivers were permitted to operate the car. Specifically, Enterprise argues that Ortega, the operator of the vehicle involved in the accident, is not an authorized driver covered under the rental agreement and, therefore, Enterprise cannot be held liable pursuant to § 14-154a. Enterprise cites Pedevillano v.Byron, 231 Conn. 265, 648 A.2d 873 (1994), in support of this contention.
In Pedevillano v. Bryon, the Supreme Court addressed the applicability of § 14-154a and concluded that "[w]e have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of itpursuant to the terms of the contract of rental." (Emphasis in original.)Id., 268. "The court in Pedevillano rejected the plaintiff's contention that § 14-154a imposes unlimited liability on any lessor for injuries caused by a person who uses the vehicle with the permission of an authorized lessee . . . Pedevillano makes clear that the lessor is not liable under the statute even when the lessee allows another party to drive the vehicle." (Internal quotation marks omitted.) Schimmelpfennigv. Cutler, 65 Conn. App. 388, 393-94, 783 A.2d 1033, cert. denied,258 Conn. 934, 785 A.2d 230 (2001).
Pursuant to the rental agreement, in the section entitled "Additional Driver," Colon was the only authorized driver permitted to operate the vehicle. (Exhibit A.) This section specifically states that no other drivers were permitted to operate Enterprise's vehicle and Colon's signature verifies that he was aware that he was the only authorized driver. Geiger alleges in her complaint that Ortega was the operator of the vehicle. "[T]he vehicle operated by the defendant Carlos Ortega had been leased by the defendant Juan Colon from the defendant Enterprise Rent-A-Car." (Complaint, count four, ¶ 3.) In viewing this evidence in a light most favorable to Geiger, the court concludes that Ortega was not in lawful possession of the vehicle under the terms of the rental agreement at the time of the accident. As previously stated, Geiger has not submitted a memorandum in opposition and, therefore, she has not provided any evidence challenging the status of Ortega as an authorized driver under the rental agreement. Moreover, Geiger's complaint alleges that Ortega was the driver of the vehicle. Therefore, under the reasoning in Pedevillano, Enterprise cannot be held liable, pursuant to § CT Page 294614-154a, for the damage caused by Ortega, an unauthorized driver as defined by the terms of the rental agreement.
 ORDER
Enterprise has satisfied its burden of establishing the nonexistence of any genuine issues of material fact and, therefore, it is entitled to summary judgment as a matter of law. Accordingly, Enterprise's motion for summary judgment is granted as to count four of the complaint.
Foley, J.