MATTHEW MOTT *v.* WAL-MART STORES EAST, LP
(AC 33974)

Robinson, Bear and Dupont, Js.

Argued September 7—officially released December 18, 2012

Christopher DeMarco, for the appellant (plaintiff).

Kate Boucher, with whom, on the brief, was Joaquin Madry, for the appellee (defendant).

Opinion

ROBINSON, J. The plaintiff in this premises liability action, Matthew Mott, appeals from the summary judgment rendered by the trial court in favor of the defendant, Wal-Mart Stores East, LP. The plaintiff claims on appeal that the court improperly granted the defendant's motion for summary judgment solely on the basis that the plaintiff failed to file an opposing affidavit in support of his objection to the motion for summary judgment. We agree and, accordingly, reverse the judgment of the trial court.

The record reveals the following undisputed facts and procedural history. In 2009, the plaintiff initiated this action after he allegedly slipped and fell on an area of ice in the defendant's parking lot, breaking his ankle. In his revised complaint, the plaintiff alleged that the defendant was negligent because it failed to maintain the parking lot in a reasonably safe condition, to inspect the parking lot following an accumulation of ice to determine whether it was safe for use, to warn the plaintiff of the dangerous condition and/or to take reasonable steps to remedy the condition after it knew or should have known about the danger created by the ice. The defendant filed an answer to the complaint in which it denied all allegations that the plaintiff was injured as a result of any negligence by the defendant and asserted a special defense of contributory negligence.

After the case had been assigned for trial, the defendant sought and was granted permission to file a motion for summary judgment pursuant to Practice Book § 17-44.[1] The defendant stated in its motion for summary judgment that it was "readily evident" that the plaintiff could not demonstrate that the defendant had had actual or constructive notice of the spot of ice that the plaintiff allegedly fell on, and, because there was no genuine issue of material fact as to whether the defendant had actual or constructive notice of that specific defect, it was entitled to judgment as a matter of law on the entire complaint. In support of the motion for summary judgment, the defendant filed a memorandum of law to which it attached copies of the plaintiff's notice of the filing of his revised complaint,[2] a transcript of a portion of the plaintiff's deposition testimony and an unreported Superior Court opinion, *Gomez* v. *New Britain General Hospital*, Superior Court, judicial district of New Britain, Docket No. CV-05-5000100-S (March 7, 2006), which the defendant cited in its memorandum.

After receiving an extension of time to respond to the motion for summary judgment, the plaintiff filed an objection to the motion for summary judgment on August 10, 2011. The objection was accompanied by a memorandum of law in which the plaintiff argued that whether the defendant had actual or constructive notice

[1] Practice Book § 17-44 provides: "In any action, except administrative appeals which are not enumerated in Section 14-7, any party may move for a summary judgment at any time, except that the party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial. These rules shall be applicable to counterclaims and cross complaints, so that any party may move for summary judgment upon any counterclaim or cross complaint as if it were an independent action. The pendency of a motion for summary judgment shall delay trial only at the discretion of the trial judge."

[2] According to the memorandum of law, this exhibit was supposed to be a copy of the revised complaint. The document attached to the file copy, however, is the notice of filing of revised complaint.

of the defect alleged was a genuine issue of material fact that remained in dispute. According to the plaintiff, he had an incident report indicating that another person had slipped on ice on the defendant's premises approximately twenty hours prior to the plaintiff's fall. Further, the plaintiff indicated that weather data existed that showed that two inches of snow, sleet and freezing rain had precipitated the day prior to the plaintiff's fall. The plaintiff, however, did not attach an affidavit or other documentary evidence in support of those assertions. The defendant filed a reply to the plaintiff's objection arguing that the plaintiff had failed to produce any evidence that would "remove the issue of notice from the realm of speculation or conjecture."

On September 6, 2011, the court heard argument on the defendant's motion for summary judgment. At the outset, the court noted on the record that the plaintiff had failed to file any documentary evidence in support of his opposition to the defendant's motion for summary judgment. The court next heard very brief arguments on the merits of the motion for summary judgment. At the conclusion of arguments, the court indicated that it would "take the papers."

Later that same day, the plaintiff filed a supplemental memorandum in opposition to the motion for summary judgment. The purpose of the supplemental memorandum was to submit a copy of the incident report that the plaintiff had referenced in his objection to the motion for summary judgment concerning the other slip and fall at the defendant's premises, but which he had failed to attach as an exhibit to his opposition. According to the plaintiff, the incident report, which had been disclosed by the defendant as part of an April 21, 2011 response to a request for production, constituted some evidence of the defendant's notice of the dangerous condition of the parking lot prior to his

injury. The defendant filed an objection to the supplemental memorandum on September 8, 2011, arguing that Practice Book § 17-45 requires that affidavits and other documentary evidence in opposition to summary judgment motions be filed before the motion is heard and, citing *Durkin Village Plainville, LLC* v. *Cunningham*, 97 Conn. App. 640, 656, 905 A.2d 1256 (2006), that it is well within the discretion of the court to refuse to consider documentary evidence that is not timely submitted.

On September 13, 2011, the court issued a one page memorandum of decision granting the defendant's motion for summary judgment. The court concluded that "[t]he materials submitted by the defendant indicate that it had no notice of the alleged defect prior to the fall. The plaintiff's objection claims otherwise, but the problem is that the plaintiff has utterly failed to comply with [Practice Book] § 17-46 . . . . Given this complete failure to comply with the requirements of the rules of practice, the plaintiff's factual assertions cannot be considered. Under these circumstances, the motion for summary judgment must be granted." The court does not state whether it considered the report attached to the plaintiff's supplemental opposition. On September 19, 2011, the court issued an order marking off the defendant's objection to the plaintiff's supplemental memorandum in opposition to summary judgment "because a ruling [had] already been issued granting the defendant's motion for summary judgment."

Also on September 19, 2011, the plaintiff filed a motion to reargue. The plaintiff argued that the court erroneously had based its decision entirely on the plaintiff's failure to submit an affidavit in opposition to the motion for summary judgment in accordance with Practice Book § 17-45, but appeared to ignore that the plaintiff later submitted documentary evidence with his

supplemental opposition from which the court could have found that a genuine issue of material fact existed as to the issue of notice. The plaintiff also argued that he was "at a loss as to what materials the court [was] referring to" when it stated that the defendant had submitted materials indicating that the defendant "had no notice of the alleged defect prior to the fall." The defendant opposed the motion to reargue on the ground that the court properly had disregarded the report that the plaintiff attempted to submit following argument of the motion for summary judgment and that the plaintiff's deposition testimony, submitted with its motion for summary judgment, established that the defendant did not have "notice of the alleged defective condition, namely an 'accumulation of ice on said premises' . . . ." The court denied the motion to reargue without comment. This appeal followed.

We first set forth the relevant standards that generally govern our review of a court's decision to grant a defendant's motion for summary judgment. "Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . [I]ssue-finding, rather than issue-determination, is the key to the procedure. . . . [T]he trial court does not sit as the trier of fact when ruling on a motion

for summary judgment. . . . [Its] function is not to decide issues of material fact, but rather to determine whether any such issues exist. . . . Our review of the decision to grant a motion for summary judgment is plenary. . . . We therefore must decide whether the court's conclusions were legally and logically correct and find support in the record." (Citations omitted; internal quotation marks omitted.) *Himmelstein* v. *Windsor*, 116 Conn. App. 28, 42–43, 974 A.2d 820 (2009), aff'd, 304 Conn. 298, 39 A.3d 1065 (2012).

On appeal, the plaintiff claims that the court improperly granted the defendant's motion for summary judgment solely on the basis of the plaintiff's failure to append an affidavit to his memorandum in opposition, and that it did so despite the fact that the defendant had failed to submit any documentary evidence in support of the motion that established the absence of a genuine issue of material fact concerning whether the defendant had actual or constructive notice of the defect that allegedly resulted in the plaintiff's injuries. In response, the defendant contends that the court determined that the defendant had met its burden of showing that no factual dispute existed as to its lack of notice and then properly shifted the burden to the plaintiff to submit evidence establishing that a genuine issue of material fact remained, which burden the plaintiff failed to meet. Because, on the basis of our plenary review of the record, we agree with the plaintiff that the defendant failed to meet its initial burden of establishing the absence of a genuine issue of material fact regarding notice, we reverse the decision of the court and, accordingly, need not address the parties' arguments as to the propriety of the filing of the supplemental memorandum in opposition or the court's treatment of the supplemental memorandum and documents attached thereto.

"It is frequently stated in Connecticut's case law that, pursuant to Practice Book §§ 17-45 and 17-46, a party

opposing a summary judgment motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . [T]ypically [d]emonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." (Internal quotation marks omitted.) *Rafalko* v. *University of New Haven,* 129 Conn. App. 44, 49, 19 A.3d 215 (2011).[3]

"An important exception exists, however, to the general rule that a party opposing summary judgment must provide evidentiary support for its opposition, and that exception has been articulated in our jurisprudence with less frequency than has the general rule. On a motion by [the] defendant for summary judgment the burden is on [the] defendant to negate each claim as framed by the complaint . . . . It necessarily follows that it is only [o]nce [the] defendant's burden in establishing his entitlement to summary judgment is met [that] the burden shifts to [the] plaintiff to show that a genuine issue of fact exists justifying a trial. . . .

---

[3] Practice Book § 17-45 provides: "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. Any adverse party may, within ten days of the filing of the motion with the court, file a request for extension of time to respond to the motion. The clerk shall grant such request and cause the motion to appear on the short calendar not less than thirty days from the filing of the request. Any adverse party shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings."

Practice Book § 17-46 provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto."

Accordingly, [w]hen documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. *Allstate Ins. Co.* v. *Barron*, [269 Conn. 394, 405, 848 A.2d 1165 (2004)]; see also *Harvey* v. *Boehringer Ingelheim Corp.*, [52 Conn. App. 1, 8–9, 724 A.2d 1143 (1999)] (where summary judgment movant's affidavit did not dispense with factual issues raised by opponents' counterclaim, burden of proof did not shift to opponents, and their failure to file supporting affidavits was not a fatal flaw to their objection); cf. 49 C.J.S. 379, [Judgments § 266 (1997)] (if the party moving for summary judgment fails to show that there are no genuine issues of material fact, the nonmoving party may rest on mere allegations or denials contained in his pleadings)." (Citations omitted; internal quotation marks omitted.) *Rockwell* v. *Quintner*, 96 Conn. App. 221, 229–30, 899 A.2d 738, cert. denied, 280 Conn. 917, 908 A.2d 538 (2006).

The operative complaint in the present case contains a single count sounding in negligence on a theory of premises liability. The defendant conceded in its motion for summary judgment that the plaintiff was a business invitee of the defendant and, as such, that the defendant owed him a duty of care to keep its premises in a reasonably safe condition. "Typically, under traditional premises liability doctrine, [f]or [a] plaintiff to recover for the breach of a duty owed to [him] as [a business] invitee, it [is] incumbent upon [him] to allege and prove that the defendant either had actual notice of the presence of the specific unsafe condition which caused [his injury] or constructive notice of it. . . . [T]he notice, whether actual or constructive, must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it. . . . In the

absence of allegations and proof of any facts that would give rise to an enhanced duty . . . [a] defendant is held to the duty of protecting its business invitees from known, foreseeable dangers." (Internal quotation marks omitted.) *Fisher* v. *Big Y Foods, Inc.*, 298 Conn. 414, 418 n.9, 3 A.3d 919 (2010). The plaintiff alleged in his complaint that the defendant knew or, by exercising reasonable care, should have known of the dangerous condition of the premises, namely, the area of ice on which the plaintiff fell.

In its motion for summary judgment, the defendant stated that the outcome of the present case turns on the disputed issue of the defendant's actual or constructive notice of the alleged defect. The defendant asserted that the plaintiff "simply cannot offer any evidence that the [d]efendant had notice of the defect that caused his injury, namely, ice in the area where the [p]laintiff fell." To prevail on a motion for summary judgment, however, the defendant had an obligation to negate the factual claims as framed by the complaint. To that end, it was incumbent on the defendant to provide the court with more than its belief that it was "readily evident" that the plaintiff ultimately would be unable to meet his obligation at trial to produce evidence to prove that the defendant had actual or constructive notice of the alleged defect. In other words, before the plaintiff had acquired any obligation to produce evidence that would tend to show that the defendant, in fact, had notice of the defect, the defendant had the burden of producing evidentiary support for its assertion that its lack of notice was an undisputed fact.

The trial court stated in its memorandum of decision that "[t]he materials submitted by the defendant indicate that it had no notice of the alleged defect prior to the fall." The only evidentiary material submitted to the court by the defendant was a portion of the plaintiff's deposition testimony. The court does not indicate in

its decision what portion of that testimony satisfied the defendant's burden of showing the nonexistence of any disputed factual issue regarding the element of notice. The defendant states in its appellate brief that "[t]he plaintiff's personal belief that his own deposition testimony does not establish the nonexistence of a genuine issue of material fact is irrelevant," but it makes no attempt to identify the portions of the transcript that it believes support the court's contrary determination. On the basis of our independent review, we can find nothing in the plaintiff's deposition testimony that supports the court's statement that the testimony indicated that the defendant had no notice of the alleged defect prior to the fall.

At the deposition, the defendant elicited the following facts from the plaintiff regarding his fall. He drove to the defendant's store to purchase groceries, and, on his way inside, he slipped on a large area of ice in the parking lot and injured his foot. A store employee helped him up and into the store, where he waited for an ambulance. The weather at the time of the fall had been bitterly cold, possibly the coldest day of the year. It was not precipitating when he fell, but it had snowed the day before and there was an inch or two of snow on the ground. In the short period of time between his arrival at the parking lot and his fall, he did not observe anyone else having trouble walking in the area where he fell because he was the only one in that area at the time. The plaintiff was not asked about nor did he testify to anything from which one reasonably could deduce that the defendant did not have actual or constructive notice of the area of ice on which the plaintiff allegedly had slipped.

On appeal, the defendant maintains that this court, on a number of occasions, has affirmed decisions granting a motion for summary judgment on the ground that the nonmoving party had failed to file any opposing

documentary evidence, citing this court's decisions in *Lefebvre* v. *Zarka,* 106 Conn. App. 30, 39, 940 A.2d 911 (2008), *Barile* v. *LensCrafters, Inc.,* 74 Conn. App. 283, 286, 811 A.2d 743 (2002), *Chase Manhattan Bank* v. *CDC Financial Corp.,* 54 Conn. App. 705, 708–709, 736 A.2d 938, cert. denied, 251 Conn. 912, 739 A.2d 1247 (1999), and *Inwood Condominium Assn.* v. *Winer,* 49 Conn. App. 694, 697–98, 716 A.2d 139 (1998). *Lefebvre, Chase Manhattan Bank* and *Inwood Condominium Assn.* readily are distinguishable from the present case because, in each, it is clear that the successful movant had produced some evidence, usually in the form of an affidavit or deposition testimony of the defendant or an agent, showing the absence of a genuine issue of fact, and, therefore, it was proper for the court to turn to the nonmovant's submissions, or lack thereof, in opposition to summary judgment. See *Lefebvre* v. *Zarka,* supra, 37; see also *Chase Manhattan Bank* v. *CDC Financial Corp.,* supra, 708–709; *Inwood Condominium Assn.* v. *Winer,* supra, 696.

In *Barile,* the trial court granted the defendants' motions for summary judgment on the basis of the plaintiff's failure to comply with Practice Book § 17-45. *Barile* v. *LensCrafters, Inc.,* supra, 74 Conn. App. 284. The plaintiff had tried to file documents supporting his opposition to one of the motions for summary judgment three days before the hearing and to the other on the morning of the hearing, but they were not accepted by the court. Id. This court, in a short per curiam opinion, held that the trial court properly had granted the motions for summary judgment based on the untimely filing of the plaintiff's opposition. Id., 286. Because of the truncated nature of the opinion in *Barile,* it is not clear whether the trial court or this court considered the evidence the defendants had presented to meet their evidentiary burden; however, the opinion does state

that "[i]f the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, *assuming that the movant has met his burden of proof.* . . . When a party files a motion for summary judgment and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to *the sufficiency of the [movant's] affidavits and other proof.*" (Citation omitted; emphasis added; internal quotation marks omitted.) Id., 285. Accordingly, we must presume that this court considered the evidence the defendant had presented to meet its evidentiary burden before it decided that the trial court properly had chosen not to accept the late submissions of the plaintiff and granted the motion for summary judgment on that basis.

The defendant in the present case did not provide an affidavit averring that it lacked knowledge of the defect at issue prior to the plaintiff's fall. Further, as previously stated, the deposition testimony of the plaintiff alone cannot be read as negating, as a matter of law, the issue of notice. Even assuming that the plaintiff faces a difficult challenge in ultimately proving its case at trial, that assumption cannot form the basis for granting a motion for summary judgment. "So extreme a remedy as summary judgment should not be used as a substitute for trial or as a device intended to impose a difficult burden on the non-moving party to save his [or her] day in court unless it is clear that no genuine issue of fact remains to be tried. . . . A judge's function when considering a summary judgment motion is not to cull out the weak cases from the herd of lawsuits waiting to be tried; rather, only if the case is dead on arrival, should the court take the drastic step of administering the last rites by granting summary judgment." (Citation omitted; internal quotation marks omitted.) *Wing* v. *Arvin Industries, Inc.*, Superior Court, judicial district of Fairfield, Docket No. CV-05-4010122-S (April 28,

2006), citing *Mitchell* v. *Mitchell*, 756 A.2d 179, 185 (R.I. 2000).

"A motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) *Lunn* v. *Cummings & Lockwood*, 56 Conn. App. 363, 370, 743 A.2d 653 (2000). The submissions provided by the defendant in support of its motion for summary judgment cannot be viewed properly as removing the issue of notice as a triable issue of fact in the present case. The court's statement to the contrary is clearly erroneous. Accordingly, because the defendant failed to meet its evidentiary burden, the plaintiff was entitled to a denial of the defendant's motion for summary judgment, and it was not legally or logically correct for the court to have granted the motion for summary judgment on the basis that the plaintiff had failed to file an opposing affidavit or other supporting documents with its opposition to summary judgment.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.