******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

APPENDIX

## BICH-HA HENRIETTE RIEFFEL ET AL. *v.* PENELOPE D. JOHNSTON-FOOTE ET AL.*

Superior Court, Judicial District of Stamford-Norwalk
File No. CV-13-6019381 S

Memorandum filed February 19, 2015

*Proceedings*

Memorandum of decision on motions for summary judgment filed by named defendant et. al. *Motions granted.*

*Peter M. Ryan*, for the plaintiffs.

*Brian J. Farrell, Jr.*, for the named defendant et al.

*Douglas R. Steinmetz*, for the defendant Dan Tredwell et al.

*Kelley Franco Throop*, for the defendant Diane Jones et al.

*Peter E. DeMartini*, for the defendant Daniel W. Moger, Jr., et al.

*Opinion*

HON. TAGGART D. ADAMS, JUDGE TRIAL REFEREE.

## I

## BACKGROUND

This case between neighbors living on a private road, known as Thrushwood Road, off of Indian Head Road in the Riverside section of Greenwich, Connecticut, should be no more than a tempest in a teapot, but instead it has developed into a major conflagration, which, as of October, 2014, reached 130 filings reflected in the court's electronic file in barely over a year.

The origin of the dispute was a decision by the plaintiffs to remove what they call a wood stanchion, and the defendants describe as a small open shed, on their property, located at 95 Indian Head Road near the head of Thrushwood Road, which contained the plaintiffs' mailbox and the mailboxes serving five other residences on Thrushwood. The defendants, who are the owners or inhabitants of those five residences, protested the rather curt announcement by the plaintiffs, but the shed was removed, and the neighbors' mailboxes were left on their respective properties. Subsequently, the neighbors (now defendants, and referred to herein as the neighbor defendants) consulted with Attorney Daniel W. Moger, Jr., who advised them to pursue a forcible entry and detainer suit, pursuant to General Statutes § 47a-43, in the housing session of the Superior Court in Norwalk. With the neighbor defendants' consent, such a lawsuit was prepared and filed by Moger on January 29, 2013, on behalf of the defendants, and subsequently served on the plaintiffs herein. Shortly thereafter, on February 7, 2013, a hearing occurred in the matter before *Hon. Jack L. Grogins*, judge trial referee, at which time the plaintiffs presented a motion for summary judgment dismissing the action. The hearing was adjourned without judicial action, although apparently Judge Grogins evidenced some skepticism of the entry and detainer claim. On February 19, 2013, Moger, acting for his clients, withdrew the lawsuit.

The plaintiffs' twenty-four page second amended complaint (Docket Entry 111.00), which is the operative complaint in this case, asserts claims of (1) common-law vexatious litigation; (2) statutory vexatious litigation pursuant to General Statutes § 52-568 (1) (double damages); (3) statutory vexatious litigation pursuant to § 52-568 (2) (triple damages based on malice); (4) common-law abuse of process; and (5) common-law abuse of process with malice against Sue Baker, the owner and resident of 81 Indian Head Road, against the Penelope Johnston-Foote Family Qualified Personal Residence Trust, Penelope D. Johnston-Foote and Ray Foote, the owners and residents of property known as 87 Indian Head Road, against LWT Associates, LLC,

Lucinda W. Tredwell and Dan Tredwell, owners and residents of property known as 89 Indian Head Road, against Michael B. Jones and Diane Jones, owners and residents of 93 Indian Head Road, and against Attorney Moger and his business entity. All of the defendants have moved for summary judgment dismissing the claims against them. This memorandum will discuss and decide the motions made by the neighbor defendants, namely, the Johnston-Foote family trust, Johnston-Foote and Foote (168.00), LWT Associates, LLC, and the Tredwells (177.00), Baker (179.00) and Michael Jones and Diane Jones (172.00). The plaintiffs have filed memoranda and two affirmations opposing the four motions (219.00, 221.00, 226.00, 228.00, 229.00 and 230.00). Moger and his law firm also seek summary judgment, and the plaintiffs oppose that motion, which will be dealt with in a separate decision. All motions were heard and argued on October 27, 2014.

## II

### SCOPE OF REVIEW

Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Appleton* v. *Board of Education*, 254 Conn. 205, 209, 757 A.2d 1059 (2000). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 751, 660 A.2d 810 (1985). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . ." (Internal quotation marks omitted.) *Appleton* v. *Board of Education*, supra, 209. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) *United Oil Co.* v. *Urban Development Commission*, 158 Conn. 364, 379, 260 A.2d 596 (1969). The trial court, in the context of a summary judgment motion, may not decide issues of material fact, but only determine whether such genuine issues exist. *Nolan* v. *Borkowski*, 206 Conn. 495, 500, 538 A.2d 1031 (1988).

"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact [question] . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing

party merely to assert the existence of such a disputed issue." (Internal quotation marks omitted.) *Maffucci* v. *Royal Park Ltd. Partnership*, 243 Conn. 552, 554, 707 A.2d 15 (1998). "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Appleton* v. *Board of Education*, supra, 254 Conn. 209; see generally *Sic* v. *Nunan*, 307 Conn. 399, 406, 54 A.3d 553 (2012); *Mott* v. *Wal-Mart Stores East, LP*, 139 Conn. App. 618, 624–25, 57 A.3d 391 (2012).

### III

### DISCUSSION

### A

### Vexatious Litigation Claims

Each of the motions filed by the neighbor defendants contains one or more affidavits attesting to the individual's consultation with Attorney Moger about possible remedies concerning their mailbox situation, that the individuals disclosed all the relevant facts to Moger and relied on his advice. See exhibits B and C to Johnston-Foote motion; exhibits B and C to Jones motion; exhibits B and C to Tredwell motion; and exhibit B to Baker motion. Additionally, the neighbors' summary judgment motions rely on an affidavit with exhibits submitted by Attorney Moger in support of his own summary judgment motion. The Moger affidavit, dated February 14, 2014 (exhibit A to Docket Entry 157.00), includes information that he learned from consulting with his clients, such as the length of time certain of their mailboxes had been located at the covered stand (i.e., for up to forty years). Moger Affidavit, ¶ 6.

In opposition to the defendants' summary judgment motions, the plaintiff Bich-Ha Henriette Rieffel submitted an affirmation with exhibits along with an affirmation and exhibits by her attorney, Peter M. Ryan (Docket Entry 228.00). The plaintiffs have also submitted nearly identical memoranda opposing the nearly identical memoranda supporting the neighbor defendants' summary judgment motions. In all, the proliferation of memoranda, affidavits and exhibits, and changes and substitutions thereto, has made it extraordinarily difficult for the court, relying on only the electronic file used in the Superior Court, to separate the wheat from the chaff.

The overriding issue with respect to the neighbor defendants' motions, and the opposition thereto, is the availability and effect of the advice of counsel defense pleaded as a special defense by the neighbor defendants. "Advice of counsel is a complete defense to an action of . . . vexatious suit when it is shown that the defendant . . . instituted his civil action relying in good faith on such advice, given after a full and fair statement of all facts within his knowledge, or which he

was charged with knowing. The fact that an attorney's advice was unsound or erroneous will not affect the result." *Vandersluis* v. *Weil*, 176 Conn. 353, 361, 407 A.2d 982 (1978); see also *Shea* v. *Chase Manhattan Bank, N.A.*, 64 Conn. App. 624, 630, 781 A.2d 352 (2001). Several Superior Court cases have laid out five elements necessary to establish a valid advice of attorney defense. In *Evans* v. *Testa Development Associates*, Superior Court, judicial district of Hartford, Docket No. CV-01-806425 (March 26, 2002) (*Hon. Robert J. Hale*, judge trial referee) (31 Conn. L. Rptr. 535, 536), the court quoted with approval:

" '[T]he defense [of advice of counsel] has five essential elements. First, the defendant must actually have consulted with legal counsel about his decision to institute a civil action . . . Second, the consultation with legal counsel must be based on a full and fair disclosure by the defendant of all facts he knew or was charged with knowing concerning the basis for his contemplated . . . action . . . Third, the lawyer to whom the defendant turns for advice must be one from whom the defendant can reasonably expect to receive an accurate, impartial opinion as to the viability of his claim . . . The fourth element . . . is, of course, that the defendant, having sought such advice, actually did rely upon it . . . Fifth and finally, if all other elements of the defense are satisfactorily established, the defendant must show that his reliance on counsel's advice was made in good faith." Internal quotation marks omitted." *Infante* v. *Zurich American Ins. Co.*, Superior Court, judicial district of Fairfield, Docket No. 327422 (June 5, 2001) (*Skolnick, J.*).' "

This formulation is relied on by all the parties to this case.

The plaintiffs and their counsel offer several arguments opposing the neighbor defendants' motions. It is argued by the plaintiffs that the neighbor defendants did not make full disclosure to their counsel and did not act in good faith. In their affidavits, the neighbor defendants state they gave Moger "any and all facts surrounding the circumstances of my mailbox," including its removal and placement on their properties. Given the fact that their attorney was aware of how long each mailbox had been in the wooden shed or on the stanchion, it appears to the court that full and fair disclosure was made.

In *Verspyck* v. *Franco*, 274 Conn. 105, 874 A.2d 249 (2005), the Connecticut Supreme Court said: "Whether there was a full and fair disclosure of material facts as required by the advice of counsel defense is a question of fact"; Id., 112, and quoting *Mulligan* v. *Rioux*, 229 Conn. 716, 748, 643 A.2d 1226 (1994), that a "jury was free to conclude that the defendants had not made a full and fair disclosure of the material facts within their knowledge to the prosecuting attorneys." In *Mulligan*,

the plaintiffs presented evidence that affidavits prepared by the defendants in order to procure warrants were "replete with false statements and omissions of fact." *Mulligan* v. *Rioux*, supra, 748. Therefore, it was clearly a question to be presented to a jury for resolution. Here, however, that is not the case because the court finds no evidentiary support provided by the plaintiffs that the neighbor defendants' disclosure of facts to Attorney Moger was less than candid or incomplete.

The issue of malice or bad faith is adverted to mainly in Mrs. Rieffel's affirmation. In that document (found at Docket Entry 228.00), particularly in paragraph 19, Mrs. Rieffel specifies numerous incidents and occurrences during her residence on Thrushwood Road that in her words "allow an inference of malice on the part of the [neighbor] defendants [and if reported to Attorney Moger] allow an inference of malice attributable to Attorney Moger . . . ." Rieffel Affirmation, ¶¶ 19 and 20. The court concludes that Mrs. Rieffel's affirmation does not provide an evidentiary basis for an assertion of bad faith or malice against the neighbor defendants. For the most part, the complaints described by Mrs. Rieffel evidence a prickly relationship with the neighbor defendants after the Rieffels moved to the Thrushwood Lane area in June, 2012. How much of this state of affairs resulted from Mrs. Rieffel's undated and somewhat peremptory letter stating that the neighbor defendants' mailboxes would be removed from her property by November 27, 2012, is unknown. Docket Entry 213.00, exhibit 24. At least one such complaint by Mrs. Rieffel seems highly overstated in describing a note left on her driveway as "threatening" when the note asked her to "please fill in the hole in our driveway. Your neighbor." Id., exhibit 37.

The court turns to the five "essential" elements of the advice of counsel defense. There is no material fact in question that the neighbor defendants did consult with Attorney Moger about instituting the entry and detainer action. This is confirmed in the affidavits of Attorney Moger and various neighbor defendants, and there is no evidence to the contrary. Second, these affidavits evidence full disclosure by the clients, and there is no evidentiary basis for Mrs. Rieffel's hints to the contrary. The plaintiffs' counsel's suggestion that because the neighbor defendants' affidavits employ the same language there must have been collusion is not evidence that the affidavits are untrue.

The court is not aware of any evidence that Attorney Moger was not an attorney from whom the neighbor defendants could receive an accurate, impartial opinion on the merits of their claim, and the plaintiffs do not contend otherwise. E.g., Opposition to Johnston-Foote motion (Docket Entry 230.00), p. 19. The fourth element requires the neighbor defendants to have actually relied on Attorney Moger's advice. There has been no eviden-

tiary basis offered by the plaintiffs to create a material fact issue about this element, and obviously the neighbor defendants did rely on Moger's advice by consenting to the commencement of the forcible entry and detainer action.

The fifth element is whether reliance by the neighbor defendants on Moger's advice was in good faith. The plaintiffs' opposition to the neighbor defendants' motions is focused on the arguments made at pp. 41–45 of the plaintiffs' brief opposing Attorney Moger's summary judgment motion. See Docket Entry 230.00, p. 13. These pages are found at Docket Entry 218.00 (for some reason, parts of the lengthy memoranda are located at Docket Entries 216.00, 217.00 and 218.00). But the arguments made therein are directed primarily at the lack of probable cause for the entry and detainer claim, and some statements made by Attorney Moger. Bad faith by the neighbor defendants cannot be established by asserting that their attorney did not have probable cause for the action or by other statements by the attorney. *Vandersluis* v. *Weil*, supra, 176 Conn. 361.

In sum, despite the lengthy and occasionally convoluted arguments and assertions of the plaintiffs, the neighbor defendants have established that, on the basis of the undisputed facts and applicable law, they are entitled to the absolute defense of reliance on advice of counsel as to the claims of vexatious litigation.

B

Abuse of Process Claims

The plaintiffs have asserted claims of abuse of process and abuse of process with malice against each of the neighbor defendants. The gravamen of an abuse of process claim "is the use of a legal process . . . against another *primarily* to accomplish a purpose for which it is not designed . . . ." (Emphasis in original; internal quotation marks omitted.) *Larobina* v. *McDonald*, 274 Conn. 394, 403, 876 A.2d 522 (2005), citing 3 Restatement (Second), Torts § 682 (1977). In *QSP, Inc.* v. *Aetna Casualty & Surety Co.*, 256 Conn. 343, 773 A.2d 906 (2001), the Connecticut Supreme Court pointed out that the distinction between a vexatious suit claim and one for abuse of process was that the former focused on the purported wrongful issuance of process while the latter concerned the subsequent proceedings. Id., 360–61 n.16.

The plaintiffs assert that the neighbor defendants' suit was brought to settle or quiet title and was more akin to a suit for a declaratory judgment. See, e.g., Docket Entry 113.00, fourth count, ¶¶ 4 (a) and (b). The neighbor defendants never sought legal title to the plaintiffs' real property, and to assert, as the plaintiffs do, that a quiet title action pursuant to General Statutes § 47-31 is the only appropriate legal action is incorrect. Indeed, as pointed out in the discussion of probable

cause in connection with Attorney Moger's motion for summary judgment, the entry and detainer suit was not clearly a frivolous claim. Furthermore, the neighbor defendants hardly "abused" process, since their action was withdrawn with their consent a mere three weeks after its commencement.

The court finds that on the undisputed material facts and the applicable law, the plaintiffs' claims of abuse of process should be dismissed.

## IV

## CONCLUSION

The motions for summary judgment dismissing the plaintiffs' second amended complaint made by the neighbor defendants (Docket Entries 168.00, 177.00, 179.00 and 172.00) are granted.[1]

\* Affirmed. *Rieffel* v. *Johnston-Foote*, 165 Conn. App. 391,     A.3d (2016).

[1] Since the initial entry and detainer claim was not instituted by either the Johnston-Foote family trust or LWT Associates, LLC, neither of which was a party to that proceeding, the plaintiffs' claims against those entities in this action are dismissed for that reason alone, despite the plaintiffs' objection. See, e.g., Docket Entry 230.00, p. 26.